# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON MCGUIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1261 SPM |
| | ) | |
| CHARLES BRYSON, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file an amended complaint. The motion is granted. Additionally, the Court is required to review the complaint under 28 U.S.C. § 1915A because plaintiff is a prisoner suing government officials for allegedly unconstitutional prison conditions. Upon review of both the original and amended complaints, the Court finds that this action must be dismissed for failure to state a claim upon which relief can be granted.

### Standard

Under 28 U.S.C. § 1915A, the Court must dismiss a complaint filed by a prisoner if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. Second, the Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "Where a complaint pleads facts that are merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557) (quotation mark omitted).

### Plaintiff's Allegations

Plaintiff brings this action under 42 U.S.C. § 1983 and for medical negligence under state law. At all times relevant to the complaint, plaintiff was a pretrial detainee at the St. Louis County Justice Center ("SLCJC"). Defendants are officials and medical care workers at SLCJC.

Plaintiff alleges that he suffered from plantar fasciitis while he was at SLCJC during 2010. Plaintiff complained to defendant Dr. Susan Singer about his heel pain. Singer prescribed

rubber heel cups for the condition. Plaintiff complains that he did not receive the heel cups immediately and that they only relieved his pain for about one week.

Plaintiff made several request for medical care between May 9, 2010, and August 15, 2010. He was not seen until August 15. Plaintiff requested braces for his feet, and he told defendant Ken McCain that his family would purchase the braces and send them to the facility. McCain agreed, and plaintiff's family sent shoes, socks, and braces to him. Once the items arrived, however, McCain and Singer refused to accept them, and the items were returned.

On August 16, 2010, Singer gave plaintiff cortisone injections in his heels. Singer told plaintiff that the injections should help his condition for six months. Plaintiff says the shots did not help. On August 27, 2010, Singer gave permission to plaintiff's family to send the braces and shoes back to SLCJC.

Plaintiff received the shoes on September 24, 2010. They were too small, however, and had to be returned. Plaintiff received a second pair of shoes from his family on October 14, 2010. The second pair fit.

Plaintiff filed grievances in September 2010. Defendant Rodney Watts responded to the grievances, explaining why they were denied.

Plaintiff alleges that he was transferred to the Missouri Department of Corrections shortly after he received the shoes. He says MoDOC officials took the shoes away. Plaintiff claims that his condition has worsened since then and that his pain has become permanent.

Plaintiff sues defendants under the Fourteenth Amendment for unnecessary punishment and pain. He also claims that he was denied access to the courts, deprived of due process, retaliated against for filing grievances, and denied equal protection.

**Discussion**

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Vaughn v. Greene County, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (Eighth Amendment). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Vaughn, 438 F.3d at 850. "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Cambreros v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).

Plaintiff's allegations do not show that defendant Singer was deliberately indifferent to his condition. Singer first gave plaintiff rubber heel cups. Approximately three months later, Singer injected cortisone into his heels. Finally, Singer allowed is family to send him orthopedic shoes. These allegations show that Singer responded to his complaints of heel pain with increased treatment over time. Plaintiff complains that he did not receive immediate treatment. However, the delays plaintiff complains of are typical both in prison and in ordinary life for a condition like plantar fasciitis. Plaintiff's deliberate indifference claim under the Fourteenth

Amendment against Singer and McCain "stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S. Ct. at 1951. At the most, the claim may rise to the level of negligence.

"Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). As a result, the complaint does not state a claim against defendant Watts.

Plaintiff's claims for denial of access to the courts, retaliation, deprivation of due process, and for denial of equal protection are wholly conclusory and fail to allege any facts, which if proved, would entitle plaintiff to relief.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Iqbal, 129 S. Ct. at 1948 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. The complaint does not contain any factual allegations showing that defendants Charles Bryson, Gene Stubblefield, Leonard Edwards, Irene Mitchell, or Leonora Hatter were responsible for his alleged deprivation of rights. As a result, the complaint fails to state a plausible claim against these defendants.

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed without prejudice for lack of jurisdiction. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial,

remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co.,851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

An Order of Dismissal will be filed separately.

Dated this 9th day of September, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE